1  Peter J. Mastan, Trustee
   *peter.mastan@dinsmore.com*
2  550 S. Hope St., Suite 1765
   Los Angeles, California 90071
3  Telephone:  213-335-7737

4  Chapter 7 Trustee of the Bankruptcy Estate
   of Michael Zeledon
5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11
      In re:                          | Case No. 2:23-bk-16320-DS
12
                                       | Chapter 7
13     MICHAEL ZELEDON,
                                       | **NOTICE OF MOTION AND MOTION
14              Debtor(s).             | TO APPROVE ASSIGNMENT
                                       | AGREEMENT BETWEEN THE
15                                     | TRUSTEE AND THE DEBTOR FOR
                                       | THE TRUSTEE'S CONVEYANCE OF
16                                     | THE ESTATE'S INTEREST IN 2017
                                       | HONDA PILOT; MEMORANDUM OF
17                                     | POINTS AND AUTHORITIES;
                                       | DECLARATION OF PETER J.
18                                     | MASTAN; AND EXHIBITS**

19
                                       | Date:     April 18, 2024
20                                     | Time:     11:30 a.m.
                                       | Ctrm:     Courtroom 1639
21                                     |           255 E. Temple Street
                                       |           Los Angeles, CA 90012
22                                     | Judge:    Hon. Deborah J. Saltzman
23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SCHEDULED CREDITORS OF THE ESTATE, ALL OTHER INTERESTED PARTIES; AND THEIR RESPECTIVE COUNSEL OF RECORD, IF ANY:**

**NOTICE IS HEREBY GIVEN** that, on April 18, 2024, on the 11:30 a.m. calendar, in Courtroom 1639 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable Deborah J. Saltzman, United States Bankruptcy Judge, will conduct a hearing on the "Motion To Approve Assignment Agreement between the Trustee and the Debtor for the Trustee's Conveyance of the Estate's Interest in 2017 Honda Pilot" (the "Motion") filed by Peter J. Mastan, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Michael Zeledon (the "Debtor"). Through the Motion, the Trustee seeks an order that does each of the following:

(1)     Approves the Assignment Agreement (the "Agreement") attached as **Exhibit 1**.

(2)     Authorizes the Trustee to make the assignment of the Estate's interest in the vehicle described as 2017 Honda Pilot (VIN 5FNYF5H33HB019474) (the "Vehicle") and determines that the assignment is made on an "AS IS" and "WHERE IS" basis, subject to all existing encumbrances, liens, claims and restrictions thereon, if any.

(3)     Determines that the Agreement was made in good faith in an arm's-length transaction and that the assignee of the Estate's interest in the Vehicle (whether the Debtor or a successful overbidder) is acting in good faith within the meaning of 11 U.S.C. § 363(m).

(4)     Determines that adequate notice of the Motion was given.

(5)     Authorizes the Trustee to perform the terms of the Agreement and to sign all such documents that are reasonably necessary to perform the Trustee's obligations under the Agreement.

(6)     Reserves Bankruptcy Court jurisdiction to enforce the Agreement.

(7)     Approves the following overbid procedure:

(a)     any initial overbid for an assignment of the Estate's interest in the Vehicle must be in an amount at least $1,000 greater than the amount to be paid by the Debtor under the

1.

Agreement (i.e., in an amount not less than $9,000.00 plus the amount of the Debtor's $6,750 exemption in the Vehicle for a total of $15,750);

**(b)** in the event that the Trustee receives multiple overbids, any subsequent overbids must be made in Court at the time of the hearing on the Motion and must be made in minimum increments of $500;

**(c)** any overbid must be accompanied by a certified or cashier's check in the full amount of that bid and the successful overbidder must pay to the Trustee by certified or cashier's check the full purchase price at the time of the hearing on the Motion;

**(d)** any sale at overbid will be all cash "AS IS," "WHERE IS," subject to all claims, liens, encumbrances, and other interests, with all faults and without any representation or warranty whatsoever, whether express or implied, including without limitation, without warranty as to functionality, merchantability, or fitness for a particular purpose;

**(e)** the Trustee may exercise his discretion to reject a particular overbid that is not both higher and better (based upon all of the circumstances) than the Debtor's offer or the offer of other overbidders; and

**(f)** any person making an overbid for the Vehicle shall be deemed to have made, on his/her/their own account, each of the representations made by the Debtor to the Trustee as set forth in Paragraph 5 of the Agreement.

**(8)** Authorizes the Trustee to close the proposed assignment of the Estate's interest in the Vehicle to the Debtor (or the successful overbidder) unless an appeal of the order authorizing that sale is timely filed and a stay pending appeal is entered.

**(9)** Waives the 14-day stay of orders for the disposition of Estate property set forth in Fed.R.Bankr.P. 6004(h).

**NOTICE IS FURTHER GIVEN** that the Motion is made pursuant to 11 U.S.C. §§ 363(b) and 363(m), Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Bankruptcy Rules 6004-1 and 9013-1 on the grounds that the proposed assignment is in the best interest of the Estate in that it will maximize the value to unsecured creditors of the Estate's interest in the Vehicle.

1    **NOTICE IS FURTHER GIVEN** that the Motion is based on (a) this Notice of Motion;

2    (b) the attached Memorandum of Points and Authorities, Declaration of Peter J. Mastan, and

3    Exhibits; (c) the concurrently filed Notice of Hearing of the Motion; (d) the pleadings on file with

4    the Court of which the Court is requested to take judicial notice; and (e) such further evidence that

5    may be properly submitted prior to or at any hearing on the Motion.

6    **NOTICE IS FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 9013-1(f), any

7    opposition to the Motion must be in writing; must be filed with the Court and served upon the

8    Trustee, the Office of the United States Trustee, and the Debtor at the addresses set forth below

9    not later than 14 days before the hearing on the Motion; and must include a complete written

10   statement of all reasons in opposition thereto or in support or joinder thereof, declarations and

11   copies of all photographs and documentary evidence on which the responding party intends to

12   rely, and any responding memorandum of points and authorities:

13
**For Filing With the Court**
Clerk's Office

14   United States Bankruptcy Court
255 E. Temple Street, Room 940

15   Los Angeles, California 90012

16   **For Service on Judge Saltzman**
Hon. Deborah J. Saltzman

17   United States Bankruptcy Court
Central District of California

18   Edward R. Roybal Federal
    Building and Courthouse

19   255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

20

21   **For Service on the Trustee**
Peter J. Mastan, Trustee

22   550 South Hope Street, Suite 1765
Los Angeles, California 90071-2627

**For Service on Office of U.S. Trustee**
Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**For Service on the Debtor**
Benjamin Heston, Esq.
Nexus Bankruptcy
100 Bayview Circle #100
Newport Beach, CA  92660

and

Michael Zeledon
5723 Nevada Ave
South Gate, CA  90280-8030

23   **NOTICE IS FURTHER GIVEN** that all hearings before Judge Saltzman offer remote

24   connection through ZoomGov. Hearing participants may view and listen to hearings before Judge

25   Saltzman using ZoomGov free of charge. Observers may monitor hearings using the ZoomGov

26   telephone audio connection.

27   / / /

28   / / /

3.

1         **NOTICE IS FURTHER GIVEN** that there is no need to contact the Court for permission

2    to appear remotely; however, if you intend to appear in the courtroom, please notify the

3    Courtroom Deputy at least 24 hours before the hearing.

4         **NOTICE IS FURTHER GIVEN** that video and audio connection information for each

5    hearing will be provided on Judge Saltzman's publicly posted hearing calendar, which may be

6    viewed online at:  http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=DS

7         **NOTICE IS FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 9013-1(h),

8    failure to timely file and serve an objection may be deemed by the Court to be consent to granting

9    the Motion.

10    DATED:  March 21, 2024                 Respectfully submitted,

11                                          CHAPTER 7 TRUSTEE

12                                          By:  */s/ Peter J. Mastan*

13                                              Peter J. Mastan
                                     Chapter 7 Trustee of the Bankruptcy

14                                         Estate of Michael Zeledon

4.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    <u>INTRODUCTION</u>

3

Peter J. Mastan, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of

4 Carlos Moreno, Jr. (the "Debtor"), submits this Memorandum of Points and Authorities in support

5 of his motion (the "Motion") for an order that:

6 **(1)** Approves the Assignment Agreement (the "Agreement") attached as **Exhibit 1**.

7 **(2)** Authorizes the Trustee to make the assignment of the Estate's interest in the vehicle

8 described as 2017 Honda Pilot (VIN 5FNYF5H33HB019474) (the "Vehicle") and determines that

9 the assignment is made on an "AS IS" and "WHERE IS" basis, subject to all existing

10 encumbrances, liens, claims and restrictions thereon, if any.

11 **(3)** Determines that the Agreement was made in good faith in an arm's-length

12 transaction and that the assignee of the Estate's interest in the Vehicle (whether the Debtor or a

13 successful overbidder) is acting in good faith within the meaning of 11 U.S.C. § 363(m).

14 **(4)** Determines that adequate notice of the Motion was given.

15 **(5)** Authorizes the Trustee to perform the terms of the Agreement and to sign all such

16 documents that are reasonably necessary to perform the Trustee's obligations under the

17 Agreement.

18 **(6)** Reserves Bankruptcy Court jurisdiction to enforce the Agreement.

19 **(7)** Approves the following overbid procedure:

20 **(a)** any initial overbid for an assignment of the Estate's interest in the Vehicle

21 must be in an amount at least $1,000 greater than the amount to be paid by the Debtor under the

22 Agreement (i.e., in an amount not less than $9,000.00 plus the amount of the Debtor's $6,750

23 exemption in the Vehicle for a total of $15,750);

24 **(b)** in the event that the Trustee receives multiple overbids, any subsequent

25 overbids must be made in Court at the time of the hearing on the Motion and must be made in

26 minimum increments of $500;

27 / / /

28 / / /

**(c)** any overbid must be accompanied by a certified or cashier's check in the full amount of that bid and the successful overbidder must pay to the Trustee by certified or cashier's check the full purchase price at the time of the hearing on the Motion;

**(d)** any sale at overbid will be all cash "AS IS," "WHERE IS," subject to all claims, liens, encumbrances, and other interests, with all faults and without any representation or warranty whatsoever, whether express or implied, including without limitation, without warranty as to functionality, merchantability, or fitness for a particular purpose;

**(e)** the Trustee may exercise his discretion to reject a particular overbid that is not both higher and better (based upon all of the circumstances) than the Debtor's offer or the offer of other overbidders; and

**(f)** any person making an overbid for the Vehicle shall be deemed to have made, on his/her/their own account, each of the representations made by the Debtor to the Trustee as set forth in Paragraph 5 of the Agreement.

**(8)** Authorizes the Trustee to close the proposed assignment of the Estate's interest in the Vehicle to the Debtor (or the successful overbidder) unless an appeal of the order authorizing that sale is timely filed and a stay pending appeal is entered.

**(9)** Waives the 14-day stay of orders for the disposition of Estate property set forth in Fed.R.Bankr.P. 6004(h).

The Trustee received an offer from the Debtor to acquire the Estate's interest in the Vehicle for a total amount of $14,750 (consisting of $8,000 cash paid to the Estate and the satisfaction of the Debtor's $6,750 claimed exemption in the Vehicle). The Trustee considered (1) the Debtor's valuation of the Vehicle, (2) the appraisal offer from Carmax (the "Carmax Appraisal") obtained by the Debtor at the Trustee's request, (3) scheduled exemptions, (4) lack of scheduled liens against the Vehicle, and (5) the cost of selling the Vehicle on the open market. Based thereon, the Trustee believes that the proposed assignment of the Estate's right, title, and interest in and to the Vehicle to the Debtor for $14,750 (i.e., $8,000 plus the satisfaction of $6,750 in claimed exemptions in the Vehicle) will maximize the value of the Estate's interest in the Vehicle.

## II.   STATEMENT OF FACTS

### A.   Procedural History

On September 28, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. Mastan Decl., ¶ 3a.  Shortly thereafter, the Trustee was appointed to administer the Estate.  *Id.*

On October 12, 2023, the Debtor filed the related schedules ("Schedules").  Mastan Decl., ¶ 3b.  Schedules A/B, C and D are attached as **Exhibit 2**. *Id.*

### B.   The Vehicle

The Schedules identify the Vehicle with a value of $13,500.  Mastan Decl., ¶ 4, Ex. 2.  At the Trustee's request, the Debtor obtained the Carmax Appraisal, which valued the Vehicle at $16,000.  Mastan Decl., ¶ 4, Ex. 3.  The Schedules reflect a claimed exemption of $6,750 in the Vehicle.  Mastan Decl. ¶ 5, Ex. 2.  Schedule D reflects no scheduled liens against the Vehicle. Mastan Decl., ¶ 6, Ex. 2.

The Trustee negotiated with the Debtor, through Debtor's counsel, for Debtor's acquisition of the Estate's right, title, and interest in the Vehicle for $14,750 (consisting of $8,000 cash to the Estate, and the satisfaction of the Debtor's $6,750 claimed exemption in the Vehicle, subject to Bankruptcy Court approval and overbid.  Mastan Decl., ¶¶ 2, 8.

## III.   SUMMARY OF ASSIGNMENT AGREEMENT

Subject to Bankruptcy Court approval and overbid, and on the terms set forth in **Exhibit 1**, the Trustee intends to assign to the Debtor the Estate's right, title, and interest in and to the Vehicle.  The proposed assignment will be on an "AS IS" and "WHERE IS" basis, and subject to all existing liens, if any.  In return for the assignment, the Debtor will pay to the Estate $8,000 cash (which has already been paid to the Estate), and the claimed exemption of $6,750 in the Vehicle will be deemed satisfied.  Mastan Decl. ¶ 8. Ex. 1.  The Trustee acknowledges that the Debtor has already paid $8,000 to the Estate, and that the funds are being held in a segregated Estate account, pending Court approval.  Mastan Decl. ¶ 9.

/ / /

/ / /

*The foregoing is a summary of the proposed assignment.  All interested persons are encouraged to read the assignment agreement attached hereto as **Exhibit 1**.  The terms of the attached agreement control over this summary.*

## IV.    THE COURT SHOULD AUTHORIZE THE TRUSTEE TO SELL THE ESTATE'S INTEREST IN THE VEHICLE TO THE DEBTOR OR A SUCCESSFUL OVERBIDDER

### A.    Standards for Approval of Sale Outside the Ordinary Course of Business

Bankruptcy code § 704 requires a Chapter 7 Trustee to, among other things, "collect and reduce to money the property of the estate."  See 11 U.S.C. § 704(a)(1).

A trustee is empowered to sell the estate's assets out of the ordinary course of business. 11 U.S.C. § 363(b).  *In re Ionosphere Clubs, Inc.*, 184 B.R. 648, 653 (S.D.N.Y. 1995).  Approval of such a sale is within the sound discretion of the Court.  *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2nd Cir. 1983); *In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984).  The touchstone for granting permission to sell assets outside of the ordinary course of business is the existence of a good business reason.  *Stephens Ind., Inc. v. McClung*, 789 F.2d 836 (6th Cir. 1986); Lionel, 722 F.2d at 1070, accord *In re Walter*, 83 B.R. 14, 19-20, (9th Cir. BAP 1988).

In addition to the existence of a sound business reason, other requirements for approval of a sale of assets pursuant to § 363(b) include (1) accurate and reasonable notice of the sale, (2) a fair and reasonable price of the assets sold, and (3) "good faith," i.e., the absence of any lucrative or undisclosed deals for insiders.  *In re Industrial Valley Refrigerator and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

### B.    The Proposed Sale of the Vehicle is Reasonable Under the Circumstances

Under the totality of the circumstances, the Trustee's sale of the Estate's right, title, and interest in and to the Vehicle to the Debtor for $14,750 (consisting of $8,000 cash, and the satisfaction of $6,750 in claimed exemptions against the Vehicle), is reasonable and in the best interests of the Estate.

/ / /

**1.    <u>The Sale is Supported by Sound Business Judgment</u>**

Bankruptcy courts will often defer to a trustee's business judgment regarding the sale of estate assets, unless such decision is arbitrary and capricious.  See *In re Curlew Valley Assocs.*, 14 B.R. 506, 511-513 (Bankr. D. Utah 1991) (detailing the historical basis behind the presumption of deference to a trustee's business judgment).  Courts generally will not second guess a trustee's business decision where "that conduct involves a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *Id.* at 513-14.

The Trustee has sound business reasons for the proposed assignment of the Estate's interest in the Vehicle.  Based upon the Carmax Appraisal, claimed exemptions, and no liens against the Vehicle, the Estate has an approximate $9,250 net equity interest in the Vehicle (i.e., the total value of $16,000 less the Debtor's claimed exemptions of $6,750 against the Vehicle).  Mastan Decl. ¶¶ 4-6.  Taking further into account (1) costs of sale which could approximate $1,200, and (2) other potential expenses to administer the Vehicle, the Trustee believes that assigning the Estate's interest in the Vehicle to the Debtor for $14,750 (i.e., $8,000 in cash plus the satisfaction of the Debtor's $6,750 exemption in the Vehicle) would minimize his administrative costs and maximize the Estate's interest for the benefit of the creditors to the Estate.  Mastan Decl. ¶¶ 7, 8.

**2.    <u>There is Adequate Notice of the Proposed Assignment</u>**

The Trustee gave notice of the proposed assignment to all scheduled creditors, the Debtor, persons requesting special notice, and other parties in interest.  Moreover, the Trustee concurrently filed with the Court a "Notice of Sale of Estate Property" so that the assignment, and the right to overbid on that assignment, is included on the Bankruptcy Court's website.

**3.    <u>The Sale Price is Fair and Reasonable</u>**

The Trustee negotiated the terms of the Assignment Agreement with the Debtor in order to obtain a reasonable value for the Estate's interest in the Vehicle.  Mastan Decl. ¶ 2.  Taking into consideration the Carmax Appraisal, scheduled exemptions, lack of reported liens, and potential costs of sale and administration of the Vehicle, the sale price is fair and reasonable.  Mastan Decl. ¶ 8.

9.

Additionally, the Trustee's assignment of the Vehicle is subject to overbid and notice of the assignment is being included in the Bankruptcy Court's website advertising bankruptcy court sales. Accordingly, the proposed assignment will be subjected to the market.

**4.      The Sale was Negotiated in Good Faith**

The Trustee wishes to ensure the finality and reliability of the assignment of the Estate's interest in the Vehicle by facilitating the consummation of the transaction even in the event of an appeal. For this reason, the Trustee seeks a finding of good faith under the provisions of Section 363(m) of the Bankruptcy Code.

Although the Bankruptcy Code does not define "good faith," the Court of Appeals for the Ninth Circuit has held that for purposes of § 363(m), "a 'good faith purchaser' is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (citations omitted). Conversely, a 'lack of good faith' is shown by 'fraud, collusion between the purchaser and the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id*.

As set forth above and in the Mastan Declaration, the Agreement was negotiated at arms' length with all parties involved acting in good faith. There are no undisclosed side deals or terms, and the Debtor is not related to the Trustee. Mastan Decl. ¶ 2.

**5.      The Court Should Impose an Overbid Procedure on the Sale**

As set forth in the Agreement, the proposed assignment of the Estate's interest in the Vehicle to the Debtor is subject to overbid. The Trustee is prepared to sell the Estate's interest in the Vehicle to the qualified bidder making the best all cash bid. The Trustee requests that the Court impose the overbid procedure set forth in the Notice of Motion in order to ensure that the Estate's interest in the Vehicle is sold for the best possible price under the circumstances.

**V.      THE COURT SHOULD WAIVE THE 14-DAY STAY**

Fed.R.Bankr.P. 6004(h) provides as follows:

> An order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order unless the court orders otherwise.

The Trustee requests that the Court "order otherwise" here and waive that stay.

/ / /

10.

**VI.**     **CONCLUSION**

For the reasons set forth above, the Court should grant the relief requested in the Notice of this Motion.

DATED:  March 21, 2024                     Respectfully submitted,

CHAPTER 7 TRUSTEE

By:   /s/ Peter J. Mastan
         Peter J. Mastan
         Chapter 7 Trustee of the Bankruptcy
         Michael Zeledon

1

## DECLARATION OF PETER J. MASTAN

2

3    I, PETER J. MASTAN, declare:

4        **1.**    I am the Chapter 7 trustee of the bankruptcy estate (the "Estate") of

5    Michael Zeledon (the "Debtor").  As a result, except as expressly stated as matters of judicial

6    notice, I have personal knowledge of the facts set forth below and could and would competently

7    testify under oath thereto if requested to do so.

8        **2.**    **Exhibit 1** is an Assignment Agreement (the "Agreement") between the Estate, on

9    the one hand, and the Debtor on the other hand.  I negotiated the Agreement as the trustee of the

10    Estate.  I have not made, and to the best of my knowledge, nobody else has made, any undisclosed

11    side deals with the Debtor.  To the best of my knowledge, there are no terms to the Agreement

12    except as set forth therein, and I am not related to the Debtor.

13        **3.**    The Court may take judicial notice of the following:

14            **a.**    On September 28, 2023, the Debtor filed a voluntary petition for relief

15        under Chapter 7 of the Bankruptcy Code.  I was appointed chapter 7 trustee shortly

16        thereafter.

17            **b.**    On October 12, 2023, the Debtor filed the related schedules ("Schedules").

18        Copies of Schedules A/B, C and D are attached as **Exhibit 2**.

19        **4.**    On the Schedules, the Debtor valued the 2017 Honda Pilot (the "Vehicle") at

20    $13,500.  At my request, the Debtor obtained an appraisal offer from Carmax (the "Carmax

21    Appraisal"), which valued the Vehicle at $16,000.  A copy of the Carmax Appraisal is attached as

22    **Exhibit 3.**

23        **5.**    On the Debtor's Schedule C, Debtor claimed an exemption of $6,750 in the

24    Vehicle.

25        **6.**    There are no scheduled liens against the Vehicle.

26        **7.**    I considered (1) the Debtor's valuation, (2) the Carmax Appraisal, (3) the Debtor's

27    scheduled exemptions, (4) the lack of scheduled liens against the Vehicle, and (5) potential costs

28    / / /

12.

of sale for the Vehicle, which I estimate to be in excess of $1,200, and (6) other potential expenses to administer the Vehicle.

**8.**    I believe that it is in the best interests of the Estate to sell the Estate's interest in the Vehicle to the Debtor for a total of $14,750 (consisting of $8,000 cash and the satisfaction of $6,750  in claimed exemptions against the Vehicle), subject to overbid, and that the sale price is fair and reasonable.

**9.**    I have received $8,000 from the Debtor and the funds are being held in a segregated Estate bank account pending Court approval.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 21st day of March 2024 at Los Angeles, California.

*/s/ Peter J. Mastan*
PETER J. MASTAN

# EXHIBIT 1

## ASSIGNMENT AGREEMENT

Subject to Bankruptcy Court approval, this Agreement ("Agreement") is made and entered into by and between: (1) Michael Zeledon ("Debtor"); and (2) Peter J. Mastan in his capacity as Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Michael Zeledon in the bankruptcy case entitled *In re Michael Zeledon*, Bk. Case No. 2:23-bk-16320-DS (the "Zeledon Case"), pending in the United States Bankruptcy Court for the Central District of California.

### R E C I T A L S

**A.**    On September 28, 2023, Debtor filed (1) a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

**B.**    Peter J. Mastan was appointed as the Ch. 7 Trustee of the Estate.

**C.**    On October 12, 2023, Debtor filed related schedules of assets and liabilities.

**D.**    Debtor desires to acquire the Estate's interest (the "Estate's Interest"), if any, in and to the vehicle scheduled as a 2017 Honda Pilot (VIN 5FNYF5H33HB019474) (the "Vehicle"), subject to all encumbrances, liens, and restrictions thereon, and the Trustee desires to assign to Debtor the Estate's Interest, if any, in and to the Vehicle, subject to all encumbrances, liens, and restrictions thereon, all in the manner and subject to the terms and conditions set forth herein and in accordance with Section 363 of the Bankruptcy Code.

**E.**    The transactions contemplated herein shall be consummated pursuant to the terms and conditions of this Agreement and an "Approval Order"

EXHIBIT 1                                                        PG. 15

to be entered by the United States Bankruptcy Court (the "Bankruptcy Court")
having jurisdiction over the Zeledon Case.

## AGREEMENT

**NOW, THEREFORE,** on the terms and conditions and for the
consideration set forth below, the Parties agree as follows:

**1.**    **Incorporation of Recitals**

Recitals A through E are incorporated into and made a part of this
Agreement.

**2.**    **Approval of Agreement**

**2.1**    Notwithstanding any other provision of this agreement, the Trustee
shall have no obligation to convey any property unless and until the bankruptcy
court enters an order (the "Approval Order") that, in substance **(i)** approves this
Agreement, **(ii)** authorizes the Trustee to make the "AS IS" and "WHERE IS"
assignment of the Estate's Interest in the Vehicle as contemplated herein,
**(iii)** determines that this Agreement was made in good faith in an arm's-length
transaction, and **(iv)** authorizes the Trustee to perform the terms of this
Agreement.

**2.2**    The Trustee shall have the obligation to seek approval of this
Agreement in accordance with ¶ 2.1 and shall file the motion (the "Approval
Motion") seeking approval of this Agreement within 10 business days after the
date on which the Trustee receives all of the following: (a) a fully executed copy
of this Agreement (without any modification or interlineation), and (b) the
Assignment Price (as defined below), and that Assignment Price having cleared
the banking process. If the Approval Order is: (a) not entered within 90 days after
the filing of the Approval Motion, or (b) appealed, then the Trustee may, in the

2.

EXHIBIT 1                                        PG. 16

unfettered exercise of his discretion, terminate his attempt to obtain the Approval
Order by written notice to Debtor. If the Trustee terminates his attempt to obtain
the Approval Order pursuant to this ¶ 2.2, then the Trustee shall return to Debtor
all funds actually received by the Trustee on account of this Agreement (without
the accrual of interest), and the Parties shall be as they were before they signed
this Agreement. In the event that the Approval Order is entered, the Bankruptcy
Court specifically finds that Debtor is a good faith purchaser in accordance with
11 U.S.C. § 363(m), an appeal from the Approval Order is filed, but no stay of the
Approval Order pending appeal is obtained, then the Trustee, in his unfettered
exercise of discretion, may (but shall not be obligated to) perform this Agreement
and the Assignment Price (defined below) shall irrevocably become property of
the Estate. Notwithstanding any other provision of this Agreement, (a) the Trustee
shall have no obligation to defend any appeal from the Approval Order or to
pursue any appeal from the denial of the Approval Motion, and (b) if Debtor fails
to timely perform any act required of him under ¶ 3 of this Agreement, the Trustee
shall have no obligation to seek approval of this Agreement.

     **2.3**    Debtor agrees to cooperate with and perform all acts requested by
the Trustee to obtain entry of the Approval Order. In particular, but without
limitation, Debtor shall not file any pleading that would or might delay or interfere
in any way with the Trustee's efforts to obtain entry of the Approval Order, or
counsel, encourage, or assist any other person or entity to do so.

**3.**    <u>Performance</u>

     **3.1**    Debtor shall pay a total of $8,000.00 in addition to Debtor's claimed
exemption in the Vehicle (the "Assignment Price") for the Estate's Interest in the

Vehicle contemporaneously with Debtor's execution and delivery to the Trustee of this Agreement.

**3.2**    The Assignment Price shall be made by cashier's or bank check payable to "Peter J. Mastan, Trustee" representing immediately available funds that are not subject to the liens, claims, or interests of any third party.  The Assignment Price shall be delivered to the Trustee in care of Dinsmore & Shohl, LLP, 550 S. Hope Street, Suite 1765, Los Angeles, CA 90071.

**3.3**    To the extent that there are one or more liens against the Vehicle, Debtor represents and warrants that the payments on those secured obligation(s) are current and that Debtor will continue to timely make all payments on such secured obligations.

**3.4**    In the event of any default by Debtor under this Agreement, the Trustee shall be entitled to obtain (and Debtor agrees that the Trustee may obtain) on *ex parte* motion an order requiring Debtor to turn over the Vehicle to the Trustee for sale by the Trustee, and the Trustee shall be entitled to retain for the benefit of the Estate all proceeds of that sale (as well as all amounts previously paid by Debtor to the Estate) to the exclusion of the Debtor.

**3.5**    Debtor irrevocably waives any right that Debtor may otherwise have to further amend his claimed exemptions in the Vehicle and, once the Assignment Price becomes property of the Estate pursuant to ¶ 2.2 above, Debtor shall have no right, title, or interest in or to the Assignment Price or its proceeds.  Unless there is a successful overbid such that Debtor is not the ultimate purchaser of the Vehicle, upon entry of the Approval Order, the Debtor's claimed exemption in the Vehicle shall be deemed satisfied in full.

/ / /

4.

EXHIBIT 1                                                    PG. 18

**3.6**    Upon the later of the entry of the Approval Order, the Approval Order becoming a Final Order, and the Assignment Price having been received by the Trustee (and the payment of such having cleared the banking process), the Estate shall have no interest in the Vehicle and the Estate's Interest in the Vehicle, if any, shall be deemed to be owned by the Debtor.

**4.    Overbid**

The Trustee's assignment of the Estate's Interest in the Vehicle to Debtor is subject to overbid. While the parties acknowledge that the Bankruptcy Court is free to accept, modify, or disregard the overbid procedure proposed by the parties, the parties agree to request that the following terms govern the overbid process:

**4.1**    Any initial overbid for an assignment of the Estate's Interest in the Vehicle must be in an amount at least $1,000.00 greater than the amount to be paid by Debtor under this Agreement (i.e., the initial overbid must be in an amount not less than $9,000 plus the amount of Debtor's $6,750 exemption in the Vehicle for a total of $15,750);

**4.2**    In the event that the Trustee receives multiple overbids, any subsequent overbids must be made in the Bankruptcy Court at the time of the hearing on the Motion and must be made in minimum increments of $500;

**4.3**    Any overbid must be accompanied by a certified or cashier's check in the full amount of that bid and the successful overbidder must pay to the Trustee by certified or cashier's check the full price of the assignment at the time of the hearing on the Motion;

**4.4**    Any sale at overbid will be all cash, "AS IS" and "WHERE IS", subject to all claims, liens, encumbrances, and other interests, with all faults and without any representation or warranty whatsoever, whether express or implied,

including without limitation, without warranty as to condition, functionality, merchantability, or fitness for a particular purpose.

**4.5**    The Trustee may exercise his discretion to reject a particular overbid that is not both higher and better (based upon all of the circumstances) than Debtor's offer or the offer of other overbidders.

**4.6**    Any person making an overbid for the Vehicle shall be deemed to have made, on his or her own account, each of the representations made by the Debtor to the Trustee as set forth in Paragraph 5 below.

**5.**    **<u>Debtor's Acknowledgments</u>**

Debtor (or successful overbidder, as the case may be) hereby acknowledges each of the following:

**(a)**    **The Estate's assignment of the Estate's Interest in the Vehicle pursuant to this Agreement is being assigned on an "AS IS" and "WHERE IS" basis, subject to all encumbrances, liens, and restrictions thereon, without recourse of any kind or nature, without any representation or warranty whatsoever, whether express or implied, including no warranty as to condition, functionality, merchantability, or fitness for a particular purpose.**

**(b)**    **Debtor (or successful overbidder, as the case may be) is familiar with the Estate's Interest in the Vehicle and Debtor (or successful overbidder, as the case may be) has had the opportunity to inspect and conduct his own due diligence with respect to the Estate's Interest in the Vehicle prior to entering into this Agreement.**

**(c)**    **Debtor (or successful overbidder, as the case may be) has had the opportunity to consult with legal counsel of his choice concerning this**

6.

EXHIBIT 1                                    PG. 20

**Agreement, including the meaning of the terms thereof and agrees to be
bound to those terms.**

**6.    Insurance/Turnover**

**6.1**    Debtor represents and warrants to the Trustee, which representation
and warranty Debtor acknowledges are material and that the Trustee is relying
upon in entering into this Agreement, that he has and will continue to maintain and
pay for comprehensive and liability insurance on the Vehicle in an amount
sufficient to cover the full value of the Vehicle in the event of loss and that the
Trustee has been named an additional insured on those policies.  Debtor agrees to,
upon signing this Agreement, and from time to time and upon request from the
Trustee, provide the Trustee with certificates of insurance on the Vehicle
evidencing the existence and amount of insurance on the Vehicle and identifying
the Trustee as an additional insured on the policies.  The Debtor's obligation to
maintain insurance and include the Trustee as an additional insured on that
insurance as set forth in this ¶ 6.1 shall terminate upon the later of (a) the closing
of the assignment contemplated in this Agreement, including the payment of the
entire Assignment Price to the Estate, (b) the entry of the Approval Order, and
(c) the Approval Order no longer being subject to timely appellate or other review.

**6.2**    In the event that Debtor fails to maintain such insurance or fails to
provide the Trustee with the certificate of insurance described in this ¶ 6 within
five days of request by the Trustee, then the Trustee shall be entitled to obtain (and
Debtor agrees that the Trustee may obtain) on *ex parte* motion an order requiring
the Debtor to turn over the Vehicle to the Trustee for sale by the Trustee, and the
Trustee shall be entitled to retain for the benefit of the Estate all proceeds of that

7.

EXHIBIT 1                                    PG. 21

sale (as well as all amounts previously paid by Debtor to the Estate) to the exclusion of the Debtor.

**7.     Attorneys' Fees and Costs**

**7.1**     Each Party shall bear his own attorneys' fees, expenses and costs incurred in connection with the subjects and preparation of this Agreement.

**7.2**     Nothing in this Agreement shall be interpreted or construed to waive or release any right of the Trustee and/or his professionals to seek compensation and reimbursement from the Estate.

**8.     Entire Agreement**

**8.1**     This Agreement constitutes the entire understanding between the Parties with respect to its subject matter, including any and all obligations and commitments of the Trustee and Debtor.  This Agreement supersedes and replaces in its entirety any and all prior negotiations or understandings, whether oral or written.

**8.2**     This Agreement has no terms other than those expressly set forth herein.  Each Party represents and warrants to the other Party that he is not signing this Agreement in reliance upon any term, representation, or warranty other than those expressly set forth in this Agreement.

**9.     Successors and Assigns**

The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, agents, representatives, successors, and assigns.

/ / /

/ / /

/ / /

8.

EXHIBIT 1                                                    PG. 22

**10.    Governing Law; Jurisdiction; Choice of Forum**

   **10.1**    This Agreement shall be construed in accordance with and governed by the substantive laws of the State of California (without regard to California law concerning choice of law).

   **10.2**    Each Party consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court for the trial, entry of findings, and entry of final orders and judgments with respect to any dispute arising out of this Agreement.  In the event that the Bankruptcy Court lacks or does not exercise jurisdiction over any such dispute, each Party to this Agreement consents to the personal jurisdiction and venue of the Superior Court of the State of California for the County of Los Angeles and, to the extent not inconsistent with applicable law, to the personal jurisdiction and venue of the United States District Court for the Central District of California, Los Angeles, for the trial, entry of findings and entry of final orders and judgments with respect to any dispute arising out of this Agreement.

**11.    Waiver of Jury Trial**

   **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE PARTIES' RIGHTS AND OBLIGATIONS WITH RESPECT THERETO.**

**12.    Counterparts**

   This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.    **Authority To Sign**

Each person signing this Agreement on behalf of a Party represents and warrants to the other Party that he has the requisite power and authority to execute and deliver this Agreement on behalf of that Party, and that this Agreement, when so executed and delivered, will be a binding obligation of and enforceable against such Party in accordance with its terms.  Notwithstanding the foregoing, the Trustee's authority to sign this Agreement is subject to Bankruptcy Court approval as set forth elsewhere in this Agreement.

14.    **Notice**

14.1    Any notice, service, or demand under this Agreement shall be given by either (a) Federal Express or (b) hand delivery, and by no other means, as follows:

| | |
|---|---|
| **To the Trustee:** | Peter J. Mastan, Trustee<br>c/o Dinsmore & Shohl, LLP<br>550 South Hope Street, Suite 1765<br>Los Angeles, California 90071 |
| **To Debtor:** | Michael Zeledon<br>5723 Nevada Ave.<br>South Gate, CA  90280-8030 |

For purposes of notice given by Federal Express, notice shall be deemed effective upon "delivery" by Federal Express.  Delivery for purposes of this paragraph shall mean Federal Express' actual delivery of the notice to the address of the other Party, without the requirement of any signature by the receiving Party. Additionally, the refusal to accept a notice attempted to be delivered by Federal Express at that Party's address set forth above shall be deemed to have been delivered to that Party at the time of such attempted delivery.

14.2    Any Party may change the person to whom and/or address to which notice to that Party shall be delivered by giving notice of such change in

10.

EXHIBIT 1                                                    PG. 24

accordance with ¶ 14.1.  In all events, the Parties shall designate an address to which Federal Express will deliver packages in the ordinary course of its business.

**15.**    **Headings**

The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

Dated:  March **21**, 2024                    CHAPTER 7 TRUSTEE

By:_____
Peter J. Mastan
Chapter 7 Trustee of the Bankruptcy
Estate of Michael Zeledon

Dated:  March **13**, 2024                    DEBTOR

By:_____
Michael Zeledon

11.

EXHIBIT 1                                    PG. 25

# EXHIBIT 2

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Zeledon** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Central**    District of    **California**

Case number    **2:23-bk-16320-DS**

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                                12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In |
|---|---|

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

    ☐ No. Go to Part 2.
    ☑ Yes. Where is the property?

| | | | |
|---|---|---|---|
| 1.1 | **5723 Nevada Ave** | **What is the property?** Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Street address, if available, or other description | ☑ Single-family home<br>☐ Duplex or multi-unit building<br>☐ Condominium or cooperative<br>☐ Manufactured or mobile home<br>☐ Land<br>☐ Investment property<br>☐ Timeshare<br>☐ Other | |

**Current value of the entire property?**            **Current value of the portion you own?**

$655,800.00                        $655,800.00

**5723 Nevada Ave**

**South Gate, CA 90280-8030**
City          State      ZIP Code

**Los Angeles**
County

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Fee Simple**

☐ **Check if this is community property**
(see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

**Source of Value:** Zillow

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** ......................... ➜    $655,800.00

| Part 2: | Describe Your Vehicles |
|---|---|

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

    ☐ No
    ☑ Yes

EXHIBIT 2                                              PG. 27

Debtor **Zeledon, Michael**          Case number *(if known)* **2:23-bk-16320-DS**

---

| 3.1 | Make: | **Honda** | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1   Make: **Honda**

Model: **Pilot**

Year: **2017**

Approximate mileage: **75,000**

Other information:

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **$13,500.00**

**Current value of the portion you own?**     **$6,750.00**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ☑ No
- ☐ Yes

4.1   Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** _____

**Current value of the portion you own?** _____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ............................................................➜    **$6,750.00**

**Part 3:**    Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware
- ☐ No
- ☑ Yes. Describe. .........   Household goods and furnishings      **$2,500.00**

7. **Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
- ☐ No
- ☑ Yes. Describe. .........   Electronics      **$500.00**

---

EXHIBIT 2          PG. 28

Debtor  **Zeledon, Michael**                                    Case number *(if known)*  **2:23-bk-16320-DS**

---

8.   **Collectibles of value**

*Examples:*   Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or
baseball card collections; other collections, memorabilia, collectibles

☑ No

☐ Yes. Describe. .........

_____

9.   **Equipment for sports and hobbies**

*Examples:*   Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and
kayaks; carpentry tools; musical instruments

☑ No

☐ Yes. Describe. .........

_____

10.   **Firearms**

*Examples:*   Pistols, rifles, shotguns, ammunition, and related equipment

☑ No

☐ Yes. Describe. .........

_____

11.   **Clothes**

*Examples:*   Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe. .........    | Clothes |    **$400.00**

12.   **Jewelry**

*Examples:*   Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold,
silver

☑ No

☐ Yes. Describe. .........

_____

13.   **Non-farm animals**

*Examples:*   Dogs, cats, birds, horses

☐ No

☑ Yes. Describe. .........    | Pets |    **unknown**

14.   **Any other personal and household items you did not already list, including any health aids you did not list**

☑ No

☐ Yes. Give specific
information. .............

_____

15.   **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here** ..................................................................................................  →    | **$3,400.00** |

---

| **Part 4:** | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

EXHIBIT 2                    PG. 29

Debtor __Zeledon, Michael__                                          Case number *(if known)* __2:23-bk-16320-DS__

---

16. **Cash**

    *Examples:*  Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No

    ☑ Yes ......................................................................................................................... Cash: ..................  **$100.00**

17. **Deposits of money**

    *Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses,
    and other similar institutions. If you have multiple accounts with the same institution, list each.

    ☐ No

    ☑ Yes .....................                     Institution name:

                        17.1. Checking account:        __Chase__                                        **$0.00**

18. **Bonds, mutual funds, or publicly traded stocks**

    *Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No

    ☐ Yes .....................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an
    LLC, partnership, and joint venture**

    ☑ No

    ☐ Yes. Give specific
    information about
    them....................   Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ☑ No

    ☐ Yes. Give specific
    information about
    them....................   Issuer name:

---

Official Form 106A/B                    **Schedule A/B: Property**                    page 4

EXHIBIT 2                                                    PG. 30

Case 2:23-bk-16320-DS    Doc 8    Filed 10/12/23    Entered 10/12/23 23:01:23    Desc
Main Document    Page 5 of 52

Debtor  **Zeledon, Michael**                                    Case number *(if known)*  **2:23-bk-16320-DS**

---

21.  **Retirement or pension accounts**

*Examples:*  Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each      Type of account:      Institution name:
account separately.

401(k) or similar plan: _____  _____

Pension plan: _____  _____

IRA: _____  _____

Retirement account: _____  _____

Keogh: _____  _____

Additional account: _____  _____

Additional account: _____  _____

22.  **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:*  Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No

☐ Yes .....................      Institution name or individual:

Electric: _____  _____

Gas: _____  _____

Heating oil: _____  _____

Security deposit on rental unit: _____  _____

Prepaid rent: _____  _____

Telephone: _____  _____

Water: _____  _____

Rented furniture: _____  _____

Other: _____  _____

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes .....................      Issuer name and description:

_____  _____

_____  _____

_____  _____

---

Official Form 106A/B                    **Schedule A/B: Property**                    page 5

EXHIBIT 2                                                    PG. 31

Debtor __Zeledon, Michael__                                    Case number *(if known)* __2:23-bk-16320-DS__

---

24.  **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
     26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

     ☑ No
     ☐ Yes .....................   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

     _____     _____

     _____     _____

     _____     _____

25.  **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

     ☑ No
     ☐ Yes. Give specific
        information about them. ...  _____     _____

26.  **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

     *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

     ☑ No
     ☐ Yes. Give specific
        information about them. ...  _____     _____

27.  **Licenses, franchises, and other general intangibles**

     *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

     ☑ No
     ☐ Yes. Give specific
        information about them. ...  _____     _____

**Money or property owed to you?**                                     **Current value of the portion you own?**
                                                                        Do not deduct secured claims or exemptions.

28.  **Tax refunds owed to you**

     ☑ No
     ☐ Yes. Give specific information about
        them, including whether you
        already filed the returns and
        the tax years. ...................          Federal:  _____
                                                    State:    _____
                                                    Local:    _____

29.  **Family support**

     *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

     ☑ No
     ☐ Yes. Give specific information. ........    Alimony:            _____
                                                    Maintenance:        _____
                                                    Support:            _____
                                                    Divorce settlement: _____
                                                    Property settlement: _____

---

Official Form 106A/B                       **Schedule A/B: Property**                        page 6

EXHIBIT 2                                                          PG. 32

Debtor __Zeledon, Michael__                                    Case number *(if known)* __2:23-bk-16320-DS__

---

30. **Other amounts someone owes you**

    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

    ☑ No

    ☐ Yes. Give specific information. ........

31. **Interests in insurance policies**

    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ☑ No

    ☐ Yes. Name the insurance company
    of each policy and list its value. ...    Company name:              Beneficiary:              Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**

    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ☑ No

    ☐ Yes. Give specific information. ........

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ☑ No

    ☐ Yes. Describe each claim. ..............

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ☑ No

    ☐ Yes. Describe each claim. ..............

35. **Any financial assets you did not already list**

    ☑ No

    ☐ Yes. Give specific information. ........

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ....................................................................................   ➜    | $100.00 |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**

    ☑ No. Go to Part 6.

    ☐ Yes. Go to line 38.

---

Official Form 106A/B                    **Schedule A/B: Property**                    page 7

EXHIBIT 2

Debtor  **Zeledon, Michael**                                            Case number *(if known)*  **2:23-bk-16320-DS**

|  | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**38.**  **Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe. .........

**39.**  **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe. .........

**40.**  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe. .........

**41.**  **Inventory**

☑ No

☐ Yes. Describe. .........

**42.**  **Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe .......

Name of entity:                                    % of ownership:

**43.**  **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

☐ No

☐ Yes. Describe. .........

EXHIBIT 2                                        PG. 34

Debtor  Zeledon, Michael                                    Case number *(if known)* 2:23-bk-16320-DS

44.  **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information .........

_____

_____

_____

_____

_____

_____

45.  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here** ...........................................................................................................  ➔    | $0.00 |

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

47.  **Farm animals**

*Examples:*  Livestock, poultry, farm-raised fish

☑ No

☐ Yes ........................

48.  **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific
information. ............

49.  **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes ........................

50.  **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes ........................

51.  **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ............

Official Form 106A/B                    **Schedule A/B: Property**                    page 9

EXHIBIT 2                                                            PG. 35

Debtor    **Zeledon, Michael**                                       Case number *(if known)* **2:23-bk-16320-DS**

---

52.  **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
     for Part 6. Write that number here** ..................................................................... ➜  | **$0.00** |

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |

53.  **Do you have other property of any kind you did not already list?**

     *Examples:*  Season tickets, country club membership

     ☑ No

     ☐ Yes. Give specific
        information. .............

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** .........................................  ➜  | **$0.00** |

| Part 8: | List the Totals of Each Part of this Form |

55.  **Part 1: Total real estate, line 2** ..........................................................  ➜  | **$655,800.00** |

56.  **Part 2: Total vehicles, line 5**                    **$6,750.00**

57.  **Part 3: Total personal and household items, line 15**        **$3,400.00**

58.  **Part 4: Total financial assets, line 36**              **$100.00**

59.  **Part 5: Total business-related property, line 45**          **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**    **$0.00**

61.  **Part 7: Total other property not listed, line 54**        +  **$0.00**

62.  **Total personal property. Add lines 56 through 61.** ...............  | **$10,250.00** |  Copy personal property total ➜  +  | **$10,250.00** |

63.  **Total of all property on Schedule A/B. Add line 55 + line 62.** .................................................  | **$666,050.00** |

---

EXHIBIT 2                                                PG. 36

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | | **Zeledon** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Central District of California** | |
| Case number | **2:23-bk-16320-DS** | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                    04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:  5723 Nevada Ave South Gate, CA 90280-8030  Line from *Schedule A/B*:   1.1 | $655,800.00 | ☑  $678,391.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| Brief description:  2017 Honda Pilot  Line from *Schedule A/B*:   3.1 | $6,750.00 | ☑  $6,750.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☑ No
      ☐ Yes

EXHIBIT 2                                                      PG. 37

| Debtor 1 | **Michael** | **Zeledon** | Case number *(if known)* 2:23-bk-16320-DS |
|---|---|---|---|
| | First Name        Middle Name | Last Name | |

**Part 2:** Additional Page

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own

Copy the value from *Schedule A/B* | Amount of the exemption you claim

*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:
Household goods and furnishings

Line from *Schedule A/B*:    6 | $2,500.00 | ☑ $2,500.00
☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Brief description:
Electronics

Line from *Schedule A/B*:    7 | $500.00 | ☑ $500.00
☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Brief description:
Clothes

Line from *Schedule A/B*:    11 | $400.00 | ☑ $400.00
☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Brief description:
Pets

Line from *Schedule A/B*:    13 | unknown | ☑ unknown
☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Brief description:
Cash

Line from *Schedule A/B*:    16 | $100.00 | ☑ $100.00
☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.070(b)(2) |

**Fill in this information to identify your case:**

Debtor 1 __**Michael**__ _____ __**Zeledon**__
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for the: _____ **Central** _____ District of _____ **California** _____

Case number (if __2:23-bk-16320-DS__
known)

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** SHELLPOINT MORTGAGE | Describe the property that secures the claim: | $379,306.00 | $655,800.00 | $0.00 |

Creditor's Name
__75 Beattie Pl Ste 300__
Number      Street

5723 Nevada Ave South Gate, CA 90280-8030

**As of the date you file, the claim is:** Check all that apply.

__Greenville, SC 29601-2138__
City      State      ZIP Code
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred __11/14/2019__      Last 4 digits of account number  4 1 2 2

Add the dollar value of your entries in Column A on this page. Write that number here: | $379,306.00 |

Official Form 106D      Schedule D: Creditors Who Have Claims Secured by Property      page 1 of _2_

**EXHIBIT 2**      **PG. 39**

Debtor 1    **Michael**                    **Zeledon**                    Case number *(if known)* 2:23-bk-16320-DS
‎            First Name    Middle Name    Last Name

| Part 1: | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** | *Column C*<br>**Unsecured portion**<br>If any |
|---|---|---|---|---|

**2.2**

Creditor's Name

Number        Street

City        State        ZIP Code

**Describe the property that secures the claim:**

**As of the date you file, the claim is:** Check all that apply.
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Who owes the debt?** Check one.
- ❏ Debtor 1 only
- ❏ Debtor 2 only
- ❏ Debtor 1 and Debtor 2 only
- ❏ At least one of the debtors and another
- ❏ **Check if this claim relates to a community debt**

**Date debt was incurred** _____

**Nature of lien.** Check all that apply.
- ❏ An agreement you made (such as mortgage or secured car loan)
- ❏ Statutory lien (such as tax lien, mechanic's lien)
- ❏ Judgment lien from a lawsuit
- ❏ Other (including a right to offset) _____

**Last 4 digits of account number** ___ ___ ___ ___

| Add the dollar value of your entries in Column A on this page. Write that number here: | $0.00 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $379,306.00 |

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page _2_ of _2_

EXHIBIT 2                    PG. 40

# EXHIBIT 3

# APPRAISAL OFFER



**Name:** MICHAEL
**Address:** 5723 NEVADA AVE
SOUTH GATE CA 90280
**Vehicle:** 2017 HONDA PILOT 4D SPORT UTILITY EX
**Mileage:** 67,654    **Engine:** 3.5L
**VIN:** 5FNYF5H33HB019474
**Color:** GRAY

Contact:
RYAN GAINES

7272 - TORRANCE, CA
Date:
02/09/2024

## Features considered

POWER LOCKS
AM/FM STEREO
AIR CONDITIONING
REAR DEFROSTER
ABS BRAKES
CLOTH SEATS
FOLD-AWAY THIRD ROW
ALLOY WHEELS
SATELLITE RADIO READY
OVERHEAD AIRBAGS
AUTOMATIC TRANSMISSION
BLUETOOTH TECHNOLOGY, LANE DEPARTURE
WARNING, SMART KEY, REMOTE START, APPLE
CARPLAY, ANDROID AUTO

POWER WINDOWS
AUXILIARY AUDIO INPUT
REAR AIR CONDITIONING
CRUISE CONTROL
THIRD ROW SEAT
POWER SEAT(S)
POWER MIRRORS
TRACTION CONTROL
SIDE AIRBAGS
REAR VIEW CAMERA

## Conditions assessed    432608

| | | | |
|---|---|---|---|
| Front Seats: | OK | Rear Seats: | OK |
| Carpet: | OK | Transmission: | OK |
| Engine: | OK | Front Tires: | OK |
| Rear Tires: | OK | Wheels: | OK |

## Appraisal offer    $16,000

This offer is valid until the close of business on 2/16/24.

**This offer is good for 7 days** and will be honored at all CarMax stores.
After 7 days, your vehicle will need to be reappraised and the **offer may change.**

**Comments**
THANKS FOR HAVING YOUR VEHICLE APPRAISED

SARA V.
- CarMax Certified Appraiser

We've appraised more than 30 million vehicles. If you have questions about how we determined your offer – just ask!

# READY TO SELL?



## Scan here to start selling from anywhere.

**You will need these items to sell your vehicle**

· Title (if it is not with a lienholder)
· Valid registration
· Valid state-issued photo ID for all titleholders
· All keys and remotes (if applicable)

See other side for important details.

EXHIBIT 3                                    PG. 42

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  550 S. Hope Street, Suite 1765, Los Angeles, CA  90071

A true and correct copy of the foregoing document described as:  **NOTICE OF MOTION AND MOTION TO APPROVE ASSIGNMENT AGREEMENT BETWEEN THE TRUSTEE AND THE DEBTOR FOR THE TRUSTEE'S CONVEYANCE OF THE ESTATE'S INTEREST IN 2017 HONDA PILOT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PETER J. MASTAN; AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(S) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **March 21, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
- **Peter J Mastan (TR)**    pmastan@iq7technology.com; travis.terry@dinsmore.com; ecf.alert+Mastan@titlexi.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

_____ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **March 21, 2024** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR(S)**
Michael Zeledon
5723 Nevada Ave
South Gate, CA 90280-8030

_____ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 21, 2024** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows:.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

___ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 21, 2024** | **TRAVIS MICHAEL TERRY** | _/s/ Travis Michael Terry_ |
|---|---|---|
| Date | Type name | Signature |