# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:    Michael Zeledon    §  Case No. 2:23-bk-16320-DS
              §
              §
Debtor(s)    §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 09/28/2023. The undersigned trustee was appointed on 09/28/2023.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of         $        8,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 25.98 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemption paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]    $ | 7,974.02 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 04/29/2024 and the deadline for filing governmental claims was 03/26/2024. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,442.22. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,442.22, for a total compensation of $1,442.22.$^2$ In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $72.72, for total expenses of $72.72.$^2$

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  10/17/2024                              By:  /s/ Peter J Mastan
                                                                    Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$ If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

FORM 1     Exhibit A
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES     Page: 1

| | |
|---|---|
| Case Number: 23-16320 DS | Trustee: Peter J Mastan |
| Case Name: Michael Zeledon | Filed (f) or Converted (c): 09/28/23 (f) |
| | §341(a) Meeting Date: 10/26/23 |
| Period Ending: 10/17/24 | Claims Bar Date: 04/29/24 |

| Ref # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) Abandon | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Single Family Home 5723 Nevada Ave South Gate CA 90280-8030 Los Angeles county<br>After liens and claimed exemptions, this asset has no value to the Estate, and the Trustee abandoned it by Court order entered 3/19/24. | 655,800.00 | 0.00 | OA | 0.00 | FA |
| 2 | Honda Pilot 2017 75000 miles<br>This asset is the subject of an assignment agreement between the Trustee and the Debtor, which was approved by Court order entered 6/5/24. | 6,750.00 | 10,378.00 | | 8,000.00 | FA |
| 3 | Household goods and furnishings<br>Fully exempt. This asset has no value to the Estate. | 2,500.00 | 0.00 | | 0.00 | FA |
| 4 | Electronics<br>Fully exempt. This asset has no value to the Estate. | 500.00 | 0.00 | | 0.00 | FA |
| 5 | Clothes<br>Fully exempt. This asset has no value to the Estate. | 400.00 | 0.00 | | 0.00 | FA |
| 6 | Pets<br>This asset has no value to the Estate. | Unknown | 0.00 | | 0.00 | FA |
| 7 | Cash on hand<br>Fully exempt. This asset has no value to the Estate. | 100.00 | 0.00 | | 0.00 | FA |
| 8 | Checking account: Chase<br>This asset has no value to the Estate. | 0.00 | 0.00 | | 0.00 | FA |
| **TOTALS** (Excluding Unknown Values) | | **$666,050.00** | **$10,378.00** | | **$8,000.00** | **$0.00** |

**Major activities affecting case closing:**
TRUSTEE'S FINAL REPORT (TFR)
The Trustee submitted his TFR to the OUST on or about 10/17/24.
*******************
QUARTERLY REVIEW PERIOD THROUGH 6/30/24
The Court approved the Trustee's assignment of the Estate's interest in the 2017 Honda Pilot to Debtor by Court order entered 6/5/24. Claims have been reviewed, and the Trustee will employ an accountant to prepare and file tax returns.
*******************
INTERIM REPORT PERIOD THROUGH 3/31/24
The Trustee is seeking approval from the Court of his agreement to assign the Estate's interest in the 2017 Honda Pilot. The claims bar date has been set, and the Trustee will employ an accountant to prepare and file tax returns when appropriate.
*******************
GENERAL:
This Case commenced as a voluntary Chapter 7 on 9/28/23.

The first 341(a) meeting was held on 10/26/23.

**FORM 1**  
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**  
**ASSET CASES**

Exhibit A

Page: 2

On 10/26/23, the Trustee continued the 341(a) meeting to 11/15/24.

Prior to 11/15/24, the Trustee continued the 341(a) meeting to 1/11/24.

Prior to 1/11/24, the Trustee continued the 341(a) meeting to 2/14/24.

Prior to 2/24/24, the Trustee continued the 341(a) meeting to 3/7/24 meeting to 3/7/24.

Prior to 3/7/24, the Trustee continued the 341(a) meeting to 4/24/24.

Prior to 4/24/24, the Trustee concluded the 341(a) meeting.

** ORDER OF DISCHARGE  
Entered: 1/2/24

** Request for court costs Filed by Trustee Peter J Mastan (TR).  
Filed: 08/15/24)

** Request for court costs Filed by Trustee Peter J Mastan (TR).  
Filed: 10/10/24)

** Notice to Pay Court Costs Due Sent To: Peter J. Mastan, Total Amount Due $0.  
Filed: 10/15/24

PROFESSIONAL:  
The Trustee employed no professionals for this Estate.

CLAIMS:  
Notification of Asset Case was filed on 1/23/24  
Claims Bar Date: 4/29/24  
Gov't Claims Bar Date: 3/26/24

Claims reviewed.

TAXES:  
Tax returns not required for this Estate per D. Fife on 8/14/24.

ADMIN. STATUS:  
The Trustee assigned the Estate's interest in the 2017 Honda Pilot to Debtor.

** Order granting motion to approve assignment agreement between the trustee and debtor for the trustee's conveyance of the estate's interest in 2017 Honda Pilot.  
Entered: 6/5/24

The Trustee abandoned the real property.

** Order authorizing trustee's abandonment of certain real property.  
Entered 3/19/24

All other assets will be abandoned at case closing.

INSURANCE:  
All assets that required insurance were either assigned to the Debtor or abandoned by Court order.

PENDING LITIGATION

**FORM 1**     Exhibit A
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**     Page: 3

None.

**Initial Projected Date of Final Report (TFR):** September 28, 2025     **Current Projected Date of Final Report (TFR):** October 17, 2024 (Actual)

| October 17, 2024 | /s/ Peter J Mastan |
|---|---|
| Date | Peter J Mastan |

Exhibit B

# Form 2
## Cash Receipts and Disbursements Record

Page: 1

| | |  | | |
|---|---|---|---|---|
| **Case Number:** | 23-16320 DS | | **Trustee:** | Peter J Mastan |
| **Case Name:** | Michael Zeledon | | **Bank Name:** | Flagstar Bank, N.A. |
| | | | **Account:** | ******2310 - General Checking |
| **Taxpayer ID#:** | **-***6300 | | **Blanket Bond:** | $5,000,000.00 (per case limit) |
| **Period Ending:** | 10/17/24 | | **Separate Bond:** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 03/18/24 | Asset #2 | Michael Zeledon | Assignment price for 2017 Honda Pilot. Subject to Court approval. | 1129-000 | 8,000.00 | | 8,000.00 |
| 06/28/24 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 13.00 | 7,987.00 |
| 07/31/24 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 12.98 | 7,974.02 |

|  |  |  |
|---|---:|---:|
| **ACCOUNT TOTALS** | 8,000.00 | 25.98 | $7,974.02 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 8,000.00 | 25.98 | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$8,000.00** | **$25.98** | |

| | |
|---|---:|
| Net Receipts: | $8,000.00 |
| Net Estate: | $8,000.00 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---:|---:|---:|
| **Checking # ******2310** | 8,000.00 | 25.98 | 7,974.02 |
| | **$8,000.00** | **$25.98** | **$7,974.02** |

## Central District of California
## Claims Register

### 2:23-bk-16320-DS Michael Zeledon

| | |
|---|---|
| **Judge:** Deborah J. Saltzman | **Chapter:** 7 |
| **Office:** Los Angeles | **Last Date to file claims:** 04/29/2024 |
| **Trustee:** Peter J Mastan (TR) | **Last Date to file (Govt):** 03/26/2024 |

| Creditor: (41902228)<br>Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090 | **Claim No: 1**<br>*Original Filed Date:* 03/25/2024<br>*Original Entered Date:* 03/25/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Christina Barnes<br>*Modified:* |
|---|---|---|

Amount claimed: $5024.96            **Claim approved as general unsecured.**

*History:*

Details  1-1   03/25/2024 Claim #1 filed by Midland Credit Management, Inc., Amount claimed: $5024.96 (Barnes, Christina)

*Description:* (1-1) 6065
*Remarks:*

### Claims Register Summary

**Case Name:** Michael Zeledon
**Case Number:** 2:23-bk-16320-DS
**Chapter:** 7
**Date Filed:** 09/28/2023
**Total Number Of Claims:** 1

| Total Amount Claimed* | $5024.96 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

The values are reflective of the data entered. Always refer to claim documents for actual amounts.

| | Claimed | Allowed |
|---|---|---|
| Secured | | |
| Priority | | |
| Administrative | | |

### PACER Service Center
#### Transaction Receipt

10/10/2024 13:56:22

| PACER Login: | pmastantrustee | Client Code: | 184.99 |
|---|---|---|---|

| **Description:** | Claims Register | **Search Criteria:** | 2:23-bk-16320-DS Filed or Entered From: 1/1/1980 Filed or Entered To: 10/10/2024 |
|---|---|---|---|
| **Billable Pages:** | 1 | **Cost:** | 0.10 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt Court Order |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 23-16320-DS
Case Name: Michael Zeledon
Trustee Name: Peter J Mastan

**Balance on hand:** $ 7,974.02

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 7,974.02

Application for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Peter J Mastan | 1,442.22 | 0.00 | 1,442.22 |
| Trustee, Expenses - Peter J Mastan | 72.72 | 0.00 | 72.72 |

Total to be paid for chapter 7 administration expenses: $ 1,514.94
Remaining balance: $ 6,459.08

Application for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| **NONE** | | | |

Total to be paid for prior chapter administration expenses: $ 0.00
Remaining balance: $ 6,459.08

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 6,459.08

**UST Form 101-7-TFR (05/1/2011)**

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $5,024.96 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.000 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Midland Credit Management, Inc. | 5,024.96 | 0.00 | 5,024.96 |

| | |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 5,024.96 |
| Remaining balance: | $ 1,434.12 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claims dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

| | |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 1,434.12 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

| | |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 1,434.12 |

**UST Form 101-7-TFR (05/1/2011)**

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 5.46% pursuant to 11 U.S.C. § 726(a)(5).  Funds available for interest are $356.30.  The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $1,077.82.

**UST Form 101-7-TFR (05/1/2011)**