**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:    Michael Zeledon | § Case No. 2:23-bk-16320-DS |
| | § |
| | § |
| Debtor(s) | § |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Peter J Mastan, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

> U.S. BANKRUPTCY COURT
> EDWARD R. ROYBAL FEDERAL BUILDING
> 255 E. TEMPLE STREET, 1ST FLOOR
> LOS ANGELES, CA  90012

A Hearing on the Trustee's Final Report and Applications for Compensation will be held by Zoomgov at 1:00 p.m. on January 14, 2025 in Courtroom 1639 of the United States Bankruptcy Court, located at 255 E. Temple St, Los Angeles, CA 90012.

All hearings before Judge Saltzman will offer remote connection through ZoomGov. Hearing participants may view and listen to hearings before Judge Saltzman using ZoomGov free of charge. Observers may monitor hearings using the ZoomGov telephone audio connection.

Video and audio connection information for each hearing will be provided on Judge Saltzman's publicly posted hearing calendar, which may be viewed online at:  http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=DS

Zoom participants may use a personal computer (equipped with camera, microphone, and speaker) or a handheld mobile device (such as a smartphone).  Participants and observers may participate with audio only through ZoomGov using a telephone (standard telephone charges may apply).
The audio portion of each hearing will be recorded electronically by the court and will constitute its official record.

Any person wishing to object to any fee application that has not been already approved, or to the Trustee's Final Report, must file a written opposition thereto pursuant to Local Bankruptcy Rule 9013-1(f) not later than 14 days before the date designated for hearing and serve a copy of the opposition upon the trustee, any party whose application is being challenged, and the United States Trustee. Untimely objections may be deemed waived. In the absence of a timely objection by the United States Trustee or other party in interest, the Court may discharge the Chapter 7 Trustee and close the case without reviewing the Final Report and Account or determining the merits of the Chapter 7 Trustee's certification that the estate has been fully administered. See Federal Rule of Bankruptcy Procedure 5009.

**UST Form 101-7-NFR (10/1/2010)**

Date Mailed: 12/02/2024              By:   /s/ Peter J Mastan
                                                          Trustee

Peter J Mastan
550 S. Hope Street, Suite 1765
Los Angeles, CA  90071
(213) 335-7738
peter.mastan@dinsmore.com

**UST Form 101-7-NFR (10/1/2010)**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:    Michael Zeledon    § Case No. 2:23-bk-16320-DS
          §
          §
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATION FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of* | $ 8,000.00 |
| *and approved disbursements of* | $ 25.98 |
| *leaving a balance on hand of* [1] | $ 7,974.02 |
| **Balance on hand:** | $ 7,974.02 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

| | |
|---|---:|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 7,974.02 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees - Peter J Mastan | 1,442.22 | 0.00 | 1,442.22 |
| Trustee, Expenses - Peter J Mastan | 72.72 | 0.00 | 72.72 |

| | |
|---|---:|
| Total to be paid for chapter 7 administration expenses: | $ 1,514.94 |
| Remaining balance: | $ 6,459.08 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| NONE |
|------|

|  |  |
|--|--|
| Total to be paid for prior chapter administration expenses: | $           0.00 |
| Remaining balance: | $       6,459.08 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

|  |  |
|--|--|
| Total to be paid for priority claims: | $           0.00 |
| Remaining balance: | $       6,459.08 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $5,024.96 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.000 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Midland Credit Management, Inc. | 5,024.96 | 0.00 | 5,024.96 |

|  |  |
|--|--|
| Total to be paid for timely general unsecured claims: | $       5,024.96 |
| Remaining balance: | $       1,434.12 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

**UST Form 101-7-NFR (10/1/2010)**

|  | |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 1,434.12 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

|  | |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 1,434.12 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 5.46% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $356.30. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $1,077.82.

Prepared By: /s/ Peter J Mastan
Trustee

Peter J Mastan
550 S. Hope Street
Suite 1765
Los Angeles, CA  90071
(213) 335-7738
peter.mastan@dinsmore.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**